**Richard C. NICHOLSON,**
**Plaintiff–Appellant,**

v.

**TICKETMASTER, formerly known as Ticketmaster Online Citysearch, a Michigan Corporation, Defendant–Appellee.**

No. 01–3908.

United States Court of Appeals,
Sixth Circuit.

July 26, 2002.

Before SILER, COLE, and CLAY, Circuit Judges.

Richard C. Nicholson, a pro se Michigan resident, appeals a district court judgment dismissing his civil action alleging racial discrimination, tortious interference of contract, and breach of contract. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Nicholson is a black male citizen of Michigan and is the founder and sole own-

er of N.I.C.K. Productions, Inc., a Michigan corporation, with its principal place of business in Michigan. On June 26, 2000, Nicholson and N.I.C.K. filed a complaint in the Lucas County (Ohio) Court of Common Pleas. The defendants removed the case to the United States District Court for the Northern District of Ohio. The district court subsequently granted summary judgment to the defendants and dismissed the case.

On appeal, Nicholson's brief is construed as presenting the same issues that he raised in the district court.

The district court's decision is reviewed de novo. *See Summar ex rel. Summar v. Bennett,* 157 F.3d 1054, 1057 (6th Cir. 1998).

The defendants were entitled to summary judgment as a matter of law. In November of 1999, N.I.C.K. entered into a lease agreement with the Toledo Sports Arena and Exhibition Hall for the purpose of holding a concert on June 10, 2000. Ticket sales for the concert were to be conducted by defendant Ticketmaster, a Delaware corporation with its principal place of business in California, pursuant to an agreement between the arena and Ticketmaster.

Tickets for the concert went on sale on May 17, 2000, but on June 2, 2000, Nicholson was informed by a representative of the arena that no tickets had been sold. Nicholson stated that he was deceived by Ticketmaster into believing that two or three tickets had been sold. Nicholson cancelled the event. As a result of the cancellation, N.I.C.K. was required to pay cancellation fees to a number of the acts that had been scheduled to appear.

Nicholson claims that subsequent to the cancellation of the concert, potential concert goers had been deterred from purchasing tickets when they were informed by Ticketmaster that the concert was cancelled, sold out, or not present in Ticketmaster's system. Furthermore, he claims that this was not the first N.I.C.K. event in which Ticketmaster had distributed inaccurate information.

On June 26, 2000, Nicholson and N.I.C.K. filed a complaint in the Lucas County (Ohio) Court of Common Pleas against Ticketmaster and its corporate parent, U.S.A. Networks, Inc., a Delaware Corporation with its principal business location in New York. In the complaint, Nicholson alleged that Ticketmaster discriminated against him because of his race. Nicholson also alleged that Ticketmaster tortiously interfered with N.I.C.K.'s contracts with the musicians engaged to perform at the concert. Finally, Nicholson contends that he was a third party beneficiary of Ticketmaster's contract with the arena and that Ticketmaster breached the agreement by failing to sell tickets for the concert. Nicholson claimed U.S.A. Network was liable for Ticketmaster's activities under the theory of respondeat superior.

■ Nicholson lacks standing to prosecute any claims on behalf of N.I.C.K. Although Nicholson is the sole shareholder of N.I.C.K., an action to redress injuries by a corporation cannot be maintained by a stockholder in his own name. *Canderm Pharmacal, Ltd. v. Elder Pharms., Inc.,* 862 F.2d 597, 602–03 (6th Cir.1988). Thus, Nicholson cannot maintain an action on behalf of his corporation. Therefore, to the extent that Nicholson is representing the interests of N.I.C.K., the complaint was properly dismissed.

■ The district court also properly dismissed Nicholson's claims. Nicholson contends that the defendants discriminated against him because he was black. However, in his depositions, Nicholson admitted that he had no evidence that the defen-

dants did not sell tickets to his concert because he was black. Nicholson bases his claim of discrimination on his opinion that Ticketmaster is "owned and operated by the good old boys, the white power structure." As Nicholson failed to establish a recognized tort or any evidence of discrimination, the district court did not err in dismissing Nicholson's discrimination allegations.

Nicholson also raises the legal theories of breach of contract and tortious interference of contract. However, the contracts regarding the concert were entered into by N.I.C.K., not Nicholson. As Nicholson was not a party to the contracts on a personal basis, he has no standing to raise a breach of contract claim or tortious interference of contract claim. *Id.*

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.